IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. 11-123 |
| | : | |
| v. | : | CIVIL NO. 14-2091 |
| | : | |
| LEE DAVIS, JR. | : | |

<u>MEMORANDUM</u>

**Juan R. Sánchez, J.**                                               **March 27, 2017**

       Defendant Lee Davis, Jr. has filed a pro se motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, asserting he was improperly sentenced in three separate indictments and claims of ineffective assistance of trial counsel. Because Davis's claim concerning his indictments is procedurally defaulted and meritless, and because the record conclusively shows his ineffective assistance of counsel claims are meritless, Davis's motion will be denied without an evidentiary hearing.

**FACTS**

       In 2009, Davis, an insurance broker, was charged in a separate criminal action than the instant case with mail and wire fraud for the theft of more than $1 million in insurance premiums from his clients between 2003 and 2008. *See United States v. Davis*, No. 09-343, 2012 WL 895918 (E.D. Mar. 16, 2012). While awaiting trial in that case, in March 2011, Davis was charged in the instant case, assigned to this Court, for fraudulently obtaining money from a trust established for his daughter's college education by making false representations and submitting false documents to the trust company. *See United States v. Davis*, No. 11-123. A year later, Davis was charged in a third criminal case for stealing a $175,000.00 fee and unsuccessfully attempting to obtain $74,000.00 in premiums for a fraudulent performance bond he created. *See United States v. Davis*, No. 12-118.

In June 2012, a jury found Davis guilty of all charges of mail and wire fraud in the instant action before this Court. *See* Snt'g Hr'g Tr. 2, Sept. 26, 2012. This Court subsequently sentenced Davis to 30 months' imprisonment, and assigned a forfeiture amount of $60,000.00. *See id.* at 42; Forfeiture Money Judgment, ECF No. 82. On July 9 and July 17, 2012, David plead guilty, pursuant to a plea agreement, to one count of mail fraud in Criminal No. 12-118 and one count of wire fraud in Criminal No. 09-343. Those two cases were consolidated for sentencing, and the court sentenced Davis to 77 months' imprisonment. *See United States v. Davis*, Nos. 09-343, 12-118, Judgment, Nov. 30, 2012.

On April 10, 2014, Davis filed the instant motion, and subsequently supplemented the motion on November 6, 2014.

**DISCUSSION**

Pursuant to 28 U.S.C. § 2255, a prisoner in federal custody may move the sentencing court to vacate, set aside, or correct his sentence if "the sentence was imposed in violation of the Constitution or laws of the United States, . . . the court was without jurisdiction to impose such sentence, or . . . the sentence was in excess of the maximum authorized by law[ ] or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). Davis brings this § 2255 motion pro se, and his pleadings are thus construed liberally. *See United States v. Otero*, 502 F.3d 331, 334 (3d Cir. 2007). Even so, Davis must nevertheless plead "facts in support of his claim which would entitle him to relief." *Haines v. Kerner*, 404 U.S. 519, 521 (1972).

In evaluating a § 2255 motion, the court "must accept the truth of the movant's factual allegations unless they are clearly frivolous on the basis of the existing record" and "must order an evidentiary hearing to determine the facts unless the motion and files and records of the case show conclusively that the movant is not entitled to relief." *Gov't of the V.I. v. Forte*, 865 F.2d

59, 62 (3d Cir. 1989). Although the threshold for obtaining an evidentiary hearing on a § 2255 motion is "reasonably low," *see United States v. Booth*, 432 F.3d 542, 546 (citation omitted), "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court," *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000).

Davis first asserts he was improperly sentenced in three separate indictments rather than in one indictment, resulting in a substantially greater sentence. This claim is procedurally defaulted, as Davis failed to raise it on appeal. *See Hodge v. United States*, 554 F.3d 372, 378-79 (3d Cir. 2009) ("Because collateral review under § 2255 is not a substitute for direct review, a movant ordinarily may only raise claims in a 2255 motion that he raised on direct review."); *see also Sweger v. Chesney*, 294 F.3d 506, 520 (3d Cir. 2002) (noting federal courts may raise the issue of procedural default *sua sponte*). Davis has failed to allege cause and prejudice or a fundamental miscarriage of justice to excuse his default. *See Sweger*, 294 F.3d at 520 ("[F]ederal courts may not consider the merits of [procedurally defaulted] claims unless the applicant establishes cause and prejudice or a fundamental miscarriage of justice to excuse his or her default." (internal quotation marks and citations omitted)).

In any event, this claim is meritless. The Government first indicted Davis in 2009 for a fraudulent scheme that took place between June 2003 and January 2009, during which time Lee "devised and intended to devise a scheme to defraud and to obtain money and property by" accepting "money on behalf of clients for performance surety bonds and worker's compensation insurance, ke[eping] the premiums for himself, and . . . not purchas[ing] the bonds or insurance for the clients." Govt's Resp., Ex. 1, Crim. No. 09-343 Indictment ¶¶ 3-4. In March 2011, while Davis awaited trial in case No. 09-343, the Government learned of his scheme to defraud the

3

trust company managing his daughter's trust account that took place between September 2009 and November 2010. The Government charged Davis with devising a scheme to defraud by submitting false and fraudulent invoices and unnegotiated checks to the trust company, and falsely telling the company he had expended such money for the education, welfare, and support of his daughter. *Id.*, Ex. 2, Crim. No. 11-123 Indictment ¶¶ 3-4. A year later, in March 2012, Davis was indicted for a third scheme, which took place between December 2011 and March 2012, involving a fraudulent surety bond issued to a contractor on behalf of his company. *See id.*, Ex. 3, Crim. No. 12-118 Indictment ¶¶ 2-4. The three indictments charged Davis with three separate and distinct fraudulent schemes, all occurring at three separate and distinct times. Thus, not only was the Government not required to file one indictment, *see United States v. Mallah*, 503 F.2d 971, 987 (2d Cir. 1974) (holding in the case of drug conspiracies, separate conspiracies that become known at different times may be prosecuted separately if the "criminal agreements are indeed separate and distinct," and "[i]n any case, separate indictments on substantive counts are always available, without double jeopardy problems"), but it arguably would have been improper to do so, *see United States v. Deloera-Escalera*, 636 F. App'x 977, 979 (10th Cir. 2016) ("A single indictment . . . may charge multiple offenses only if those offenses 'are of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan.'" (quoting Fed. R. Civ. P. 8(a))). Because Davis was properly charged by three indictments for his three separate and distinct crimes, and was sentenced accordingly, the Court denies his motion as to this claim.

      Davis also brings three claims of ineffectiveness assistance of counsel, asserting counsel failed to (1) fully investigate or introduce into evidence information concerning all of the expenses Davis paid on behalf of his daughter, depriving him of a fair trial and sentencing; (2)

object to a question posed to a witness at trial; and (3) strike a biased juror from the prospective jury panel.  A defendant who seeks relief based on a claim of ineffective assistance of counsel must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984).  To prevail, Davis must show (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced the defense. *Id.* at 687.  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and to be considered deficient, counsel's performance must have fallen below "an objective standard of reasonableness" when measured against "professional norms." *Id.* at 688-89.  Failing to raise meritless claims does not render counsel ineffective.  *See Werts v. Vaughn*, 228 F.3d 178, 203 (3d Cir. 2000). To demonstrate prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Davis first argues his two defense attorneys were ineffective for failing to present evidence of all expenses he paid on behalf of his daughter while she was attending college, which would have reduced the "loss amount" used to calculate his sentence.

Contrary to Davis's assertion, defense counsel presented evidence at trial that Davis paid for a variety of his daughter's expenses, including seven or eight flights between Philadelphia and Los Angeles, health insurance, medication, parking, gas, cell phone bills, clothing, food, rent, and the shipment and repair of his daughter's car, as well as money wired to his daughter's bank account.  *See* Trial Tr. 38-40, June 28, 2012.  Although Davis has provided documents representing expenses he argues should have been presented at trial, he fails to identify which expenses defense counsel omitted or to provide an alternative calculation showing the total loss attributable to him.  In fact, many of those expenses appear to have been presented to the jury,

such as payments related to his daughter's tuition and Nissan Altima.  *See* Trial Tr. 39, June 28, 2012; Pet's Br., Exs. A & B (documents labeled as Government exhibits), ECF No. 106.

Furthermore, defense counsel successfully argued to the jury and to the Court that the loss amount should be reduced based on expenses Davis paid.  During her closing argument, defense counsel argued the Government's calculated loss amount of $75,197.98 ignored such evidence, and stated multiple times that Davis had sent money to his daughter in California for her living expenses.  *See id.* at 40-42.  At sentencing, defense counsel objected to the Government's proposed loss amount, arguing that the definition of loss must equate to the pecuniary harm to the victim—Davis's daughter—and that pursuant to U.S.S.G. § 2B1.1, the Court must credit services rendered or money returned to the victim against the loss amount.  *See* Snt'g Hr'g Tr. 5-10; *see also* U.S.S.G. § 2B1.1, app. 3(E) ("Loss shall be reduced by . . . [t]he money returned, and the fair market value of the property returned and the services rendered, by the defendant . . . to the victim before the offense was detected.").  Because Davis asserts counsel was ineffective for failing to introduce evidence that counsel, at least in part, introduced, this claim is meritless.  Further, even if defense counsel failed to present all possible evidence of expenses paid, counsels' performance was not constitutionally deficient so as to have fallen below an objective standard of reasonableness.  *Cf. United States v. Land*, 319 F. App'x 187, 190 (3d Cir. 2009) (upholding defendant's sentence where trial counsel had successfully argued for a reduction in restitution and sentence but defendant argued, offering no evidence to substantiate his claim, that further research by his counsel would have uncovered additional payments to the victim that would have further reduced loss amount).

Moreover, the Court finds no prejudice.  At sentencing, the Court agreed with defense counsel that the loss amount should take into account expenses Davis paid towards his

daughter's wellbeing, finding a $60,000.00 loss amount. *See* Snt'g Hr'g Tr. at 9-10.  Based on that loss amount and an upward adjustment on the basis that Davis committed the offense while on release in case No. 09-343, the Court increased Davis's offense level to 16, and calculated a guidelines range of 24-30 months.  *See id.* at 10-11, 18-19, 34; PSIR at 9, 12, 20.  The Court sentenced Davis to 30 months' imprisonment.  *See* Snt'g Hr'g Tr. at 41.

Davis has failed to show that even if his counsel had presented receipts reflecting all of Davis's expenditures on behalf of his daughter, and all such expenditures were calculated into the loss amount by the jury, Davis's Guidelines range would have been different.  *See* U.S.S.G. § 2B1.1(b)(1)(D) (2012) (instructing a 6 point increase to offense level where the loss amount is greater than $30,000).  The Court therefore cannot conclude there is a reasonable probability that, but for counsel's errors, the loss amount would have been less, Davis's verdict different, or his sentence lower.

Davis next contends trial counsel was ineffective for failing to object to the Government's question to Federal Agent Fitzpatrick regarding how Davis's daughter feels about what happened, eliciting hearsay.  Davis fails to point to the record to demonstrate this question was in fact made.  In any event, Davis has failed to show that trial counsel's failure to object fell below an objective standard of reasonableness, or that but for this failure, the outcome of the trial would have been different.

Finally, Davis argues trial counsel was ineffective for failing to strike a juror who requested to be excused because she was the victim of fraud by a relative with respect to her own trust account.  The record belies Davis's claim.

Four jurors were struck for cause for an inability to be impartial, based on their experiences as victims of fraud or distrust of the judiciary system.  *See* Voir Dire Tr. 17-24, June

26, 2012. Other jurors who indicated they had been victims of crimes, including bank account fraud, credit card fraud, and identity theft, stated they could be impartial. *See id.* at 35-41. "Being the victim of a crime is not alone grounds to remove a juror. . . . If a juror is questioned regarding potential bias and the court is convinced, as it was here, that he or she will be fair and impartial there is no need for removal." *United States v. Gibbs*, 125 F. Supp. 2d 700, 709 (E.D. Pa. 2000). Because there is no evidence that the empaneled jury was biased, counsel was not ineffective for failing to strike a biased juror. *See id.* (holding § 2255 applicant's ineffective assistance of counsel claim for failing to move to strike certain biased jurors failed where there was no evidence of bias); *United States v. Riddick*, 15 F. Supp. 2d 673, 681 (E.D. Pa. 1998) ("Since Petitioner has failed to show any bias on behalf of the jurors, he has failed to show that his counsel was ineffective."). Moreover, as Davis has failed to show a juror was biased, he cannot show actual prejudice. *Brown v. Warden, SCI-Retreat*, 104 F. App'x 232, 234 (3d Cir. 2004) (holding ineffective assistance of counsel claim for failure to strike a biased juror failed where there was no evidence juror was "actually biased," and "hence there was no prejudice flowing from . . . counsel's putative ineffective assistance").

The performance of Davis's counsel did not fall below an objective standard of reasonableness, and even if it did, Davis has failed to show there is a reasonable probability that but for counsels' errors, the result of his criminal proceedings would have been different.

For all the foregoing reasons, Davis's § 2255 motion will be denied without an evidentiary hearing. An appropriate order follows.

                                                BY THE COURT:

                                                /s/ Juan R. Sánchez
                                                Juan R. Sánchez, J.